John H. Pabnham, J.
This is an application by petition of Warren Brothers Boads Company for an order summarily vacating canceling and discharging of record a certain notice of lien, pursuant to provisions of subdivision 7 of section 21 of the Lien Law.
*324 The lien in question was filed by Tract Boiler Bebuilders, Inc., against moneys due and to become due upon a certain contract between Warren Brothers Boads Company and the State of New York, a public improvement contract, which contract is dated the 9th day of January, 1959, and is known as Contract No. F. A. S. S. 58-23 for construction of Oswego County Bo ad, Highway No. 387. The lien was filed with the State Comptroller at Albany, New York, and the Department of Public Works on January 18, 1960, in the amount of $3,551.07.
A certified copy of the lien is before the court and it appears that the invoices attached to the lien and which form the basis of same are addressed to Watertown Construction Co., Water-town, New York. Paragraph 5 of petitioner’s petition states the labor which the court assumes are the labor items set forth in the invoices attached to the notice of lien which was performed and material furnished by the lienor for the Watertown Construction Company, a subcontractor of the petitioner. The description of the work, labor and services performed appears in paragraph 4 of the notice of lien which involves and includes the schedules attached and designated herein as the invoices. Said paragraph 5 of the petition further alleges that the material and labor performed were performed on machinery used by the Watertown Construction Co., and not performed or material furnished to or consumed in work for or on petitioner’s contract with the State of New York.
' The second sentence of paragraph 5 of the petition of Warren Brothers Boads Company, the contractor with the State of New York in this matter, reads as follows: “ The material and labor performed was performed on machinery used by the Watertown Construction Company and not performed or material furnished to or consumed in work for or on your petitioner’s contract with the State of New York ”.
It is noted that in the answer of Tract Boiler Bebuilders, Inc., respondent in this action, the respondent admits the allegations in said paragraph 5. It, therefore, appears that there is no issue between the parties in this regard and accordingly the lien must fall. (Matter of Berlanti Constr. Co. [Penn Mach. Co.], 198 Misc. 543, 544.) In this case, the identical question presented here has been passed upon and determined by the Supreme Court in Westchester County, wherein Mr. Justice Coyne states, in dismissing the lien, “ The use of the parts resulted merely in a depreciation of the subcontractor’s equipment. The parts did not go into or constitute a part of the improvement. It appearing from the face of notice of lien that the lien is invalid, it is summarily discharged of record.”
*325 Accordingly, the decision of this court must be in accord with the findings of the Westchester Supreme Court in the above case, the decision in which has not been disturbed by the appellate courts. The notice of lien filed in this matter on the 15th day of January, 1960, by the Tract Roller Rebuilders, Inc., therefore, is vacated, cancelled and discharged of record.